# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| ERIC WAGNER and DARLENE BAUMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OVATION CREDIT SERVICES, INC; and DOES 1 through 10, inclusive, and each of them,<br><br>Defendant. | Case No. 3:18-cv-00681-MMH-MCR<br><br>**CLASS ACTION**<br><br>**AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>1. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>2. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(b)]<br>3. NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br>4. WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227(c)]<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff ERIC WAGNER and DARLENE BAUMAN ("Plaintiffs"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1. Plaintiffs brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of OVATION CREDIT SERVICES, INC ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection

Act, *47. U.S.C. § 227 et seq*. ("TCPA") and related regulations, specifically the National Do-Not-Call provisions, thereby invading Plaintiff's privacy.

## JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the TCPA, 47 U.S.C. § 227, *et seq*.

3. Furthermore, jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff Wagner, a citizen of New York, and Plaintiff Bauman, a citizen of Texas, seek relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendants, who are citizens of the state of Florida. Plaintiff also seeks up to $1,500.00 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

4. Venue is proper in the United States District Court for the Middle District of Florida pursuant to *28 U.S.C. § 1391(b)(2)* because Defendants do business within the State of Florida and Defendant's principal place of business is located within the County of Duval.

## PARTIES

5. Plaintiff, ERIC WAGNER ("Plaintiff Wagner"), is a natural person residing in Bronx, New York and is a "person" as defined by *47 U.S.C. § 153 (39)*.

6. Plaintiff, DARLENE BAUMAN ("Plaintiff Bauman"), is a natural person residing in Houston, Texas and is a "person" as defined by *47 U.S.C. § 153 (39)*.

7. Plaintiff Wagner and Plaintiff Bauman will be collectively referred to herein as "Plaintiffs."

8. Defendant, OVATION CREDIT SERVICES, INC ("Defendant") is a business funding lender, and is a "person" as defined by *47 U.S.C. § 153 (39)*.

9. The above named Defendant, and their subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiffs will seek leave of Court to amend the Amended Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

10. Plaintiffs are informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiffs are informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## FACTUAL ALLEGATIONS – TCPA

11. Beginning in or around June of 2017, Defendant contacted Plaintiff Wagner on Plaintiff Wagner's cellular telephone number, in an attempt to solicit Plaintiff to purchase Defendants' services.

12. Defendant used an "automatic telephone dialing system" as defined by *47 U.S.C. § 227(a)(1)* to place its calls to Plaintiff Wagner, seeking to solicit its services.

13. Defendant contacted or attempted to contact Plaintiff Wagner from telephone number (669) 238-4331 confirmed to be Defendant's number.

14. Beginning in or around May of 2017, Defendant contacted Plaintiff Bauman on Plaintiff Bauman's cellular telephone number ending in -4401, in an attempt to purchase Defendant's services.

15. Defendants used an "automatic telephone dialing system" as defined

by 47 U.S.C. § 227(a)(1) to place its calls to Plaintiff Bauman, seeking to solicit its services.

16. Defendant contacted or attempted to contact Plaintiff Bauman from telephone number (916) 758-8653 confirmed to be Defendant's number.

17. Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

18. Defendant's calls were placed to telephone numbers assigned to a cellular telephone service for which Plaintiff Wagner and Plaintiff Bauman incur a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

19. During all relevant times, Defendant did not possess either Plaintiff Wagner's or Plaintiff Bauman's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

## FACTUAL ALLEGATIONS – DNC

20. Plaintiff Wagner's cellular telephone number has been on the National Do-Not-Call Registry since at least December of 2011.

21. Defendant placed multiple calls soliciting its business to Plaintiff Wagner on his cellular telephone in or around June of 2017.

22. Plaintiff Bauman's cellular telephone, ending in -4401, has been on the Do-Not-Call Registry since at least December of 2006.

23. Defendant placed calls soliciting its business to Plaintiff Bauman on her cellular telephone in or around May of 2017

24. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendant's services.

25. Plaintiff Wagner and Plaintiff Bauman received numerous solicitation calls from Defendant within a 12-month period.

26. Defendant continued to call Plaintiff Wagner and Plaintiff Bauman in an attempt to solicit its services and in violation of the National Do-Not-Call

provisions of the TCPA.

27. Upon information and belief, and based on Plaintiff Wagner's and Plaintiff Bauman's experiences of being called by Defendant after being on the National Do-Not-Call list for several years prior to Defendant's initial call, and at all relevant times, Defendant failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

## CLASS ALLEGATIONS

28. Plaintiff Wagner and Plaintiff Bauman bring this action individually and on behalf of all others similarly situated, as a member the two proposed classes (hereafter, jointly, "The Classes").

### CLASS ALLEGATIONS-ATDS CLASS

29. The class concerning the ATDS claim for no prior express consent (hereafter "The ATDS Class") is defined as follows:

> All persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

30. Plaintiff Wagner and Plaintiff Bauman represent, and are members of, The ATDS Class, consisting of all persons within the United States who received any solicitation/telemarketing telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of the complaint.

31. Defendant, including their employees and agents, are excluded from

The ATDS Class. Plaintiff Wagner and Plaintiff Bauman do not know the number of members in The ATDS Class, but believes the ATDS Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

32. The ATDS Class are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The ATDS Class members are unknown to Plaintiff Wagner and Plaintiff Bauman at this time and can only be ascertained through appropriate discovery, Plaintiff Wagner and Plaintiff Bauman are informed and believe and thereon allege that The ATDS Class includes thousands of members. Plaintiff Wagner and Plaintiff Bauman allege that The ATDS Class members may be ascertained by the records maintained by Defendant.

33. Plaintiff Wagner, Plaintiff Bauman, and members of The ATDS Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff Wagner, Plaintiff Bauman, and ATDS Class members via their cellular telephones thereby causing Plaintiff Wagner, Plaintiff Bauman, and ATDS Class members to incur certain charges or reduced telephone time for which Plaintiff Wagner, Plaintiff Bauman, and ATDS Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of Plaintiff Wagner, Plaintiff Bauman, and ATDS Class members.

34. Common questions of fact and law exist as to all members of The ATDS Class which predominate over any questions affecting only individual members of The ATDS Class. These common legal and factual questions, which do not vary between ATDS Class members, and which may be determined without reference to the individual circumstances of any ATDS Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint,

        Defendant made any telemarketing/solicitation call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a ATDS Class member using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff Wagner, Plaintiff Bauman, and the ATDS Class members were damaged thereby, and the extent of damages for such violation; and

    c. Whether Defendant should be enjoined from engaging in such conduct in the future.

35. As people that received numerous telemarketing/solicitation calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff Wagner's and Plaintiff Bauman's prior express consent, Plaintiff Wagner and Plaintiff Bauman are asserting claims that are typical of The ATDS Class.

36. Plaintiff Wagner and Plaintiff Bauman will fairly and adequately protect the interests of the members of The ATDS Class. Plaintiff Wagner and Plaintiff Bauman has retained attorneys experienced in the prosecution of class actions.

37. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of the ATDS Class members is impracticable. Even if every ATDS Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same

complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each ATDS Class member.

38. The prosecution of separate actions by individual ATDS Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other ATDS Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party ATDS Class members to protect their interests.

39. Defendant have acted or refused to act in respects generally applicable to The ATDS Class, thereby making appropriate final and injunctive relief with regard to the members of the ATDS Class as a whole.

## CLASS ALLEGATIONS-DNC CLASS

40. The class concerning the National Do-Not-Call violation (hereafter "The DNC Class") is defined as follows:

> All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

41. Plaintiff Wagner and Plaintiff Bauman represent, and are members of, The DNC Class, consisting of all persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendant prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendant that promoted Defendant's products or services, within any twelve-month period, within four years prior to the filing of the complaint.

42. Defendant, including their employees and agents, are excluded from The DNC Class. Plaintiff Wagner and Plaintiff Bauman do not know the number of members in The DNC Class, but believes the DNC Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

43. The DNC Class are so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The DNC Class members are unknown to Plaintiff Wagner and Plaintiff Bauman at this time and can only be ascertained through appropriate discovery, Plaintiff Wagner and Plaintiff Bauman are informed and believe and thereon allege that The DNC Class includes thousands of members. Plaintiff Wagner and Plaintiff Bauman allege that The DNC Class members may be ascertained by the records maintained by Defendant.

44. Plaintiff Wagner, Plaintiff Bauman, and members of The DNC Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff Wagner, Plaintiff Bauman, and DNC Class members via their telephones for solicitation purposes, thereby invading the privacy of said Plaintiff Wagner, Plaintiff Bauman, and the DNC Class members whose telephone numbers were on the National Do-Not-Call Registry. Plaintiff Wagner, Plaintiff Bauman, and the DNC Class members were damaged thereby.

45. Common questions of fact and law exist as to all members of The DNC Class which predominate over any questions affecting only individual members of The DNC Class. These common legal and factual questions, which do not vary between DNC Class members, and which may be determined without reference to the individual circumstances of any DNC Class members, include, but are not limited to, the following:

    a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed more than one

    solicitation call to the members of the DNC Class whose telephone numbers were on the National Do-Not-Call Registry and who had not granted prior express consent to Defendant and did not have an established business relationship with Defendant;

  b. Whether Defendant obtained prior express written consent to place solicitation calls to Plaintiff Wagner, Plaintiff Bauman, or the DNC Class members' telephones;

  c. Whether Plaintiff Wagner, Plaintiff Bauman, and the DNC Class member were damaged thereby, and the extent of damages for such violation; and

  d. Whether Defendant should be enjoined from engaging in such conduct in the future.

46. As person, that received numerous solicitation calls from Defendant within a 12-month period, who had not granted Defendant prior express consent and did not have an established business relationship with Defendant, Plaintiff Wagner and Plaintiff Bauman are asserting claims that are typical of the DNC Class.

47. Plaintiff Wagner and Plaintiff Bauman will fairly and adequately protect the interests of the members of The DNC Class.  Plaintiff Wagner and Plaintiff Bauman has retained attorneys experienced in the prosecution of class actions.

48. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all DNC Class members is impracticable.  Even if every DNC Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed.  Individualized litigation would also present the potential for varying,

inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each DNC Class member.

49. The prosecution of separate actions by individual DNC Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other DNC Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party DNC Class members to protect their interests.

50. Defendant have acted or refused to act in respects generally applicable to The DNC Class, thereby making appropriate final and injunctive relief with regard to the members of The DNC Class as a whole.

## FIRST CAUSE OF ACTION
## Negligent Violations of the Telephone Consumer Protection Act
## 47 U.S.C. §227(b).
## On Behalf of the ATDS Class

51. Plaintiff Wagner and Plaintiff Bauman repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-19 and 29-38.

52. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, *47 U.S.C. § 227(b) et seq.*; in particular *47 U.S.C. § 227 (b)(1)(A)*.

53. As a result of Defendants' negligent violations of *47 U.S.C. § 227(b) et seq.*, Plaintiff Wagner, Plaintiff Bauman, and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

54. Plaintiff Wagner, Plaintiff Bauman, and the ATDS Class members are

also entitled to and seek injunctive relief prohibiting such conduct in the future.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Wagner and Plaintiff Bauman request judgment against Defendant for the following:

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff Wagner, Plaintiff Bauman, and the ATDS Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*.
- Any and all other relief that the Court deems just and proper.

## **SECOND CAUSE OF ACTION**

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227(b)**

**On Behalf of the ATDS Class**

55. Plaintiff Wagner and Plaintiff Bauman repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-19 and 29-38.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(b) et seq.*, and in particular *47 U.S.C. § 227 (b)(1)(A)*.

57. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(b) et seq.*, Plaintiff Wagner, Plaintiff Bauman, and the ATDS Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

58. Plaintiff Wagner, Plaintiff Bauman, and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wagner and Plaintiff Bauman request judgment against Defendant for the following:

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiffs and the ATDS Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*.
- Any and all other relief that the Court deems just and proper.

## THIRD CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §227(c)
### On Behalf of the DNC Class

59. Plaintiff Wagner and Plaintiff Bauman repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-11, 20-27, and 40-50.

60. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, *47 U.S.C. § 227(c)et seq.*; in particular *47 U.S.C. § 227 (c)(5)*.

61. As a result of Defendant's negligent violations of *47 U.S.C. § 227(c) et seq.*, Plaintiff Wagner, Plaintiff Bauman, and the DNC Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5)(B)*.

62. Plaintiff Wagner, Plaintiff Bauman, and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wagner and Plaintiff Bauman request judgment against Defendant for the following:

- As a result of Defendants' negligent violations of *47 U.S.C. §227(c)(5),* Plaintiffs and the DNC Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(c)(5).*
- Any and all other relief that the Court deems just and proper.

## FOURTH CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

**On Behalf of the DNC Class**

63. Plaintiff Wagner and Plaintiff Bauman repeat and incorporate by reference into this cause of action the allegations set forth above at Paragraphs 1-11, 20-27, and 40-50.

64. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, *47 U.S.C. § 227(c) et seq.;* in particular *47 U.S.C. § 227 (c)(5).*

65. As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227(c)*, Plaintiff Wagner, Plaintiff Bauman and the DNC Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(c)(5).*

66. Plaintiff Wagner, Plaintiff Bauman, and the DNC Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

///

///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Wagner and Plaintiff Bauman request judgment against Defendant for the following:

- As a result of Defendants' willful and/or knowing violations of *47 U.S.C. §227(c)(5)*, Plaintiffs and the DNC Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(c)(5)*.
- Any and all other relief that the Court deems just and proper.

## JURY DEMAND

67.  Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demands, a trial by jury.


Respectfully Submitted this 22nd Day of June, 2018.

ADLER WELLIKOFF PLLC
By: /s/ Scott Wellikoff
Scott Wellikoff
ADLER WELLIKOFF PLLC
Attorney for Plaintiff

Scott Wellikoff (SBN 20341)
ADLER WELLIKOFF PLLC
1300 N. Federal Highway, Suite 107
Boca Raton, FL 33432
Phone: (800) 453-5799
swellikoff@adwellgroup.com